UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH DIVISION
*Electronically Filed*

| | |
|---|---|
| AUDREY HOLLOWELL ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | Civil Action No.  5:21-cv-156-TBR |
| ) | |
| DEMATIC CORP. ) | |
| ) | |
| DEFENDANT ) | |

## NOTICE OF REMOVAL

Defendant Dematic Corp. ("Dematic"), by counsel and under 28 U.S.C. §§ 1441 and 1446, submits this notice of removal of the above-captioned case, which was originally filed in Christian Circuit Court, Civil Action No. 21-CI-00393. In support of removal, defendant states as follows.

**Timeliness of Removal**

1. On May 5, 2021, plaintiff Audrey Hollowell ("Hollowell" or "plaintiff") filed a Complaint in Christian Circuit Court against Dematic, alleging personal injury resulting from an incident where her hand was pinched in a conveyor belt system while working at the Walmart Distribution Center in Hopkinsville, Kentucky on May 13, 2020. The Complaint was served on Dematic on May 11, 2021.

2. Dematic's removal of the state court action is timely because the existence of federal diversity jurisdiction only recently became apparent, and the case is being removed within one year of commencement of the action.

3. A defendant seeking removal of an action filed in state court must file a notice of removal within 30 days of service of the Complaint upon the defendant, ***provided that federal***

*jurisdiction is apparent*. See 28 U.S.C. § 1446(b). If federal jurisdiction is not apparent from the Complaint as a result of lack of information concerning the amount in controversy – as was the case here – then the defendant may take discovery to determine whether federal jurisdiction is present. 28 U.S.C. § 1446(c)(3)(A)("If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a) [28 USCS § 1332(a)], information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)"); H.R. Rep. No. 112-10, at 16 (2011).

4. In this case, as detailed below, Dematic recently received discovery responses from the plaintiff that make it apparent for the first time that the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

5. Consistent with Kentucky practice, the plaintiff's Complaint did not state the amount in controversy, other than to say that the damages being sought were "in excess of the minimal jurisdictional limits of [the Christian Circuit Court]," which are well below the $75,000.01 threshold for diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332(a).

6. The allegations of the Complaint, by themselves – without evidence regarding the extent of the plaintiff's injuries and the nature and volume of the treatment he received – were insufficient to establish that the amount in controversy more likely than not exceeded $75,000, exclusive of interest and cost.

7. Plaintiff alleged an injury that was limited to one body part, her hand. She did not make any pre-suit demand or provide medical records or expenses. This information falls short of the quantum of information necessary to confirm that diversity jurisdiction is present. "The 30-day period in § 1446(b)(1) starts to run only if the initial pleading contains '**solid and**

**unambiguous information** that the case is removable.'" *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364-65 (6th Cir. 2015) (emphasis added); *see also Saunders v. Home Depot, Inc.*, No. 2:20-CV-13337-TGB-CI, 2021 U.S. Dist. LEXIS 114901, at *5 (E.D. Mich. June 21, 2021) (holding that allegations about a foot injury alone were insufficient to establish that the amount in controversy exceeded $75,000); *Warren v. Sheba Logistics, LLC*, No. 1:15-CV-00148-GNS-HBB, 2016 U.S. Dist. LEXIS 32097, *4-5 (W.D. Ky. 2016) (allegations of "severe" personal injury alone insufficient to establish for diversity purpose that the amount in controversy exceeds $75,000).

8. Accordingly, Dematic had to conduct discovery to determine whether the amount in controversy exceeded $75,000 (exclusive of interest and costs), such that diversity-of-citizenship jurisdiction was present under 28 U.S.C. § 1332(a).

9. Dematic served, among other discovery requests, a request for admission "that Plaintiff will not seek damages in excess of $75,000, exclusive of interest and costs, at the trial of this matter." (Ex. 3.)

10. On September 29, 2021, Plaintiff denied this request for admission, thereby confirming that the amount in controversy is in excess of $75,000, exclusive of interest and costs. (*Id.*)

11. Thus, Dematic had, at the very least, 30 days from September 29, 2021, in which to remove the case. *See* 28 U.S.C. § 1446(b)(3)("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

12. This notice of removal is timely because it was filed less than 30 days after September 29, 2021, <u>and</u> it was filed less than one year after the commencement of the action, the outer boundary for removing a case on the basis of diversity of citizenship absent fraudulent concealment by the plaintiff. 28 U.S.C. § 1446(c)(1).

**Venue and Compliance with Procedural Requirements for Removal**

13. The Christian Circuit Court is located within the Paducah Division of the United States District Court for the Western District of Kentucky. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Christian County, Kentucky.

14. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon defendants are attached as <u>Exhibit 1</u> to this Notice of Removal. Additionally, defendant's Answer to the Complaint is attached as <u>Exhibit 2</u>. Defendant's discovery requests and Plaintiff's responses to Dematic's First Set of Requests for Admissions are attached as <u>Exhibit 3</u>.

**Diversity of Citizenship and Amount in Controversy**

15. As alleged in the Complaint, plaintiff Audrey Hollowell is a resident and citizen of Kentucky. (Complaint, ¶ 1.)

16. As alleged in the Complaint, Dematic is a foreign corporation which is licensed and authorized to do business in Kentucky. (Complaint, ¶ 2.) Dematic is incorporated in Delaware with its principal place of business in Grand Rapids, Michigan.

17. As Plaintiff's recent discovery responses confirm for the first time, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, by a preponderance of the evidence. While Dematic denies that it is liable for the plaintiff's alleged injuries and does not

concede that the plaintiff's damages claims are accurate, for purposes of establishing the Court's jurisdiction, this is irrelevant. Plaintiff's recently served responses to requests for admission confirm that the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(a)(2) because the amount in controversy is satisfied and this is an action between a citizen of Kentucky (Ms. Hollowell) and a citizen of a different state (Dematic).

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, as well as a Notice of Filing for this Notice of Removal, will be filed promptly with the Clerk of the Christian Circuit Court, and a copy of the same is being served upon all parties.

20. Defendant reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of his entitlement to remove this case.

    Respectfully submitted,

/s/ Stephen J. Mattingly
Stephen J. Mattingly (#93176)
Christopher S. Zelli (#98651)
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
(502) 540-2300
Fax (502) 585-2207
stephen.mattingly@dinsmore.com
christopher.zelli@dinsmore.com
*Counsel for Defendant Dematic Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will serve copies of the same on the following counsel of record:

Paul A. Casi, II
Jeff W. Adamson
Michael R. Hasken
Paul A. Casi, II, P.S.C.
801 East Main Street
Louisville, KY 40206
pac@casi-law.com
jadamson@casi-law.com
michael@casi-law.com
*Counsel for Plaintiff*

/s/ Stephen J. Mattingly
*Counsel for Defendants*

11220591_1.docx