# EXHIBIT 1

Created with a trial version of Syncfusion Essential PDF



# Service of Process Transmittal

05/11/2021
CT Log Number 539530617

**TO:** Jeffrey Heinze
Dematic Corp
507 PLYMOUTH AVE NE
GRAND RAPIDS, MI 49505-6029

**RE:** **Process Served in Kentucky**

**FOR:** Dematic Corp. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | AUDREY HOLLO WELL, Pltf. vs. DEMATIC CORP, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 21CI00393 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/11/2021 at 10:09 |
| **JURISDICTION SERVED:** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/11/2021, Expected Purge Date: 05/16/2021 |
| | Image SOP |
| | Email Notification, David M. Keller  david.m.keller@dematic.com |
| | Email Notification, Telisa Ahn  telisa.ahn@dematic.com |
| | Email Notification, Jeffrey Heinze  jeffrey.heinze@dematic.com |
| | Email Notification, Twanda Turner-Hawkins  twanda.turner-hawkins@dematic.com |
| | Email Notification, Georgette Borrego Dulworth  georgette.dulworth@dematic.com |
| | Email Notification, Cheoma Smith  cheoma.smith@dematic.com |
| | Email Notification, Crystal Cohen  crystal.cohen@dematic.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601<br>866-331-2303 |



# Service of Process Transmittal
05/11/2021
CT Log Number 539530617

**TO:** Jeffrey Heinze
Dematic Corp
507 PLYMOUTH AVE NE
GRAND RAPIDS, MI 49505-6029

**RE:** **Process Served in Kentucky**

**FOR:** Dematic Corp.  (Domestic State: DE)

CentralTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice     Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **21-CI-00393**<br>Court:  **CIRCUIT**<br>County: **CHRISTIAN** |

Plantiff, **HOLLOWELL, AUDREY VS. DEMATIC CORP.**, Defendant

TO:  **CT CORPORATION SYSTEM**
     **306 W. MAIN STREET**
     **SUITE 512**
     **FRANKFORT, KY 40601**

*CME*
*5-11-21*
*09:00*

Memo: Related party is DEMATIC CORP.

The Commonwealth of Kentucky to Defendant:
**DEMATIC CORP.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Paige Parker*
Christian Circuit Clerk
Date: **5/9/2021**

## Proof of Service

This Summons was:

☑ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _CT Corp_

☐ Not Served because: _____

Date: _5/11_, 20 _21_

Served By: _CM Eats 8K_

Title: _Deputy_

Summons ID: @00000171580 ,
CIRCUIT: 21-CI-00393 Sheriff Service
HOLLOWELL, AUDREY VS. DEMATIC CORP.



Page 1 of 1

**eFiled**

COMMONWEALTH OF KENTUCKY
CHRISTIAN CIRCUIT COURT
DIVISION ___
CIVIL ACTION NO. _____

*Electronically Filed*

AUDREY HOLLOWELL                                                    PLAINTIFF
P.O. Box 345
Pembroke, KY 42266

v.                                                **COMPLAINT**

DEMATIC CORP.                                                    DEFENDANT
507 Plymouth Avenue, NE
Grand Rapids, MI 49505

         SERVE:     CT Corporation System
                           306 W. Main Street
                           Suite 512
                           Frankfort, Kentucky 40601

                           \*\*\*     \*\*\*     \*\*\*     \*\*\*     \*\*\*

Comes now the Plaintiff, Audrey Hollowell, by counsel, and for her claims for relief against the Defendant states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff, Audrey Hollowell, is, and was at all times pertinent hereto, a resident of Pembroke, Christian County, Kentucky 42266.

2.      Defendant, DEMATIC CORP. (hereinafter "DEMATIC"), is, and was at all times pertinent hereto, a foreign corporation which is licensed and authorized to do business within the Commonwealth of Kentucky; has designated the CT Corporation System, 306 W. Main Street, Suite 512, Kentucky 40601 as its agent for service of process; designs, engineers, develops, manufactures, installs, implements, tests, inspects, assembles, labels, packages, produces, distributes, promotes, advertises, markets, sells, maintains, services, supports, and repairs conveyor systems, including, but not limited to, belt conveyors and all related parts and equipment;

sells such conveyor systems in the Commonwealth of Kentucky; and has consistent and significant commercial interactions within the Commonwealth of Kentucky.

3. Defendant, DEMATIC, is subject to the jurisdiction of this Court pursuant to KRS 454.210 and other applicable law.

4. Venue is proper pursuant to the Kentucky Revised Statutes, including without limitation: KRS 452.450, 452.460, and 454.210.

5. All amounts claimed herein are in excess of the minimal jurisdictional limits of this Court.

## FACTUAL BACKGROUND

6. On or around May 12, 2020, Plaintiff, Audrey Hollowell, was a full-time Wal-Mart employee working in the Break Pack receiving area at the Walmart Distribution Center located at or near 690 Crenshaw Boulevard, Hopkinsville, Kentucky 42240.

7. Plaintiff Audrey Hollowell's job at this work station was, generally, to retrieve boxes of items, open the boxes and put them on the line for the order pickers. She was also required to clean up the work station at the end of her shift. The cleaning of the work station required her to place empty boxes onto a conveyor system where they were transported by a horizontal conveyor belt to an inclined conveyor belt before dropping into a horizontal cardboard compactor/baler at each end of the conveyor line.

8. On the evening of May 12, 2020, and the morning of May 13, 2020, Plaintiff, Audrey Hollowell was working second shift from 3:30 p.m. to 1:30 a.m.

9. In the early morning hours of May 13, 2020, after 1:00 a.m., Plaintiff, Audrey Hollowell, was cleaning her work station which required her to grab empty pieces of cardboard and paper that regularly fall off at the end of the horizontal conveyor belt and onto the ground.

10. On May 13, 2020, while discharging her duties to clean her work station, Plaintiff Audrey Hollowell's right hand was pulled into an unguarded in-running nip point created at the interface of the rotating conveyor rollers and tail pulleys of the moving horizontal and inclined conveyor belts and/or a stationary part of the conveyor system.

11. After her right hand was pinched in the underside of the conveyor system, Plaintiff, Audrey Hollowell, was able to use her leg to activate the emergency stop device to shut down part of the conveyor system, but there was no stop device(s) accessible to Plaintiff to shut down both the horizontal and inclined belt conveyors of the conveyor system.

12. As a result of her right hand getting pinched in the unguarded nip point on the underside of the conveyor system, and the absence of accessible and identifiable emergency stop devices to shut down the conveyor system, including the belt conveyors and all related parts and equipment, which may have avoided or prevented injury, Plaintiff, Audrey Hollowell, sustained severe and permanent injuries to her right hand, including, but not limited to, a degloving of her hand and a dislocation of her right fourth finger.

13. The Defendant, DEMATIC, individually or by and through its officers, agents, servants, employees, predecessors, subsidiaries, or divisions, designed, engineered, developed, manufactured, produced, assembled, installed, implemented, labeled, packaged, tested, inspected, marketed, advertised, distributed, promoted, and sold such conveyor systems, including, but not limited to, the belt conveyors and all related parts and equipment for use by large retail and distribution companies such as Walmart at all times pertinent herein.

14. On or about 2002 and 2003, the Defendant, DEMATIC, marketed, advertised, distributed, promoted, and sold a conveyor belt system including, but not limited to, the belt conveyors and all related parts and equipment (hereinafter the **"subject conveyor belt system"**)

to Walmart for use in the Walmart Distribution Center located at or near 690 Crenshaw Boulevard, Hopkinsville, Kentucky 42240, which opened in the spring of 2003.

15. On or about 2002 and 2003, the Defendant, DEMATIC, designed, engineered, developed, manufactured, produced, assembled, installed, implemented, labeled, packaged, tested, and inspected the **subject conveyor belt system** for use in the Walmart Distribution Center located at or near 690 Crenshaw Boulevard, Hopkinsville, Kentucky 42240.

16. From the time the subject Walmart Distribution Center opened, and the **subject conveyor belt system** became operational, in or about 2003, the Defendant, DEMATIC, has continuously inspected, maintained, serviced, supported, and repaired the **subject conveyor belt system**, which reached Plaintiff, Audrey Hollowell, at the time of her injury in the same or substantially the same condition as when originally sold to Walmart and placed in operation at the Walmart Distribution Center by Defendant DEMATIC.

17. Defendant DEMATIC was solely responsible for the design, engineering, development, manufacture, installation, implementation, testing, inspection, assembly, labeling, packaging, production, distribution, promotion, advertising, marketing, sale, maintenance, service, support, and repair of the **subject conveyor belt system** from the time the Walmart Distribution Center was constructed and opened in Hopkinsville, Kentucky in approximately 2002 and 2003, up through and until the time of Plaintiff Audrey Hollowell's injuries on May 13, 2020.

## COUNT I – STRICT LIABILITY CLAIMS AGAINST DEFENDANT DEMATIC

18. Plaintiff adopts, reiterates, and incorporates by reference all paragraphs of this Complaint as if expressly set forth fully herein.

19. The **subject conveyor belt system** was designed, engineered, developed, manufactured, produced, assembled, installed, implemented, labeled, packaged, tested, inspected, marketed, advertised, distributed, promoted, and sold by Defendant DEMATIC in a defective condition unreasonably dangerous to foreseeable users, including Plaintiff Audrey Hollowell.

20. An ordinarily prudent manufacturer being fully informed of the qualities, characteristics, condition, and dangers of conveyor belt systems including, but not limited to, the belt conveyors and all related parts and equipment contained therein, would not have designed, engineered, developed, manufactured, produced, assembled, installed, implemented, labeled, packaged, tested, inspected, marketed, advertised, distributed, promoted, and sold the **subject conveyor belt system** and/or would not have put it on the market or into the stream of commerce.

21. The **subject conveyor belt system** was in a defective condition and unreasonably dangerous because it failed to reasonably protect employees of Walmart's Distribution Center in Hopkinsville, Kentucky, including the Plaintiff, from foreseeable injuries to hands or other body parts when exposed to moving parts of the **subject conveyor belt system**, including, but not limited to, failing to install adequate guarding devices to prevent bodily contact with in-running nip points at the interface of the rotating conveyor rollers and tail pulleys of the moving horizontal and inclined conveyor belts and/or stationary parts of the **subject conveyor belt system** and failing to ensure the presence of accessible and easily identifiable emergency stop devices in the immediate vicinity of work stations to stop the conveyor system, including the belt conveyors and all related parts and equipment, to prevent or mitigate injury in such emergent situations and

because safer, feasible alternative designs which would have guarded or otherwise prevented bodily contact with exposed moving and stationary parts of the **subject conveyor belt system** were not used by Defendant DEMATIC.

22. The **subject conveyor belt system** was in a defective condition and unreasonably dangerous to users as it failed to include adequate or appropriate warnings and/or instructions to users, such as Plaintiff, Audrey Hollowell, of the dangers associated with the use of a conveyor belt system that is defectively designed and manufactured without adequate guarding at in-running nip points and without accessible and easily identifiable emergency stop devices in the immediate vicinity of work stations to stop the conveyor system to prevent or mitigate injury in emergent situations, and Defendant, DEMATIC, failed to give adequate or appropriate warning and/or instruction to users, including Plaintiff, Audrey Hollowell, of such defective condition of the unguarded in-running nip points of the **subject conveyor belt system** at the time the system was initially put into the stream of commerce and continuously thereafter failed to give an appropriate or adequate warning and/or instruction despite the fact Defendant, DEMATIC, knew or should have known that the defective and unreasonably dangerous unguarded in-running nip points and absence of proper emergency stop devices could cause injuries to users, including severe and permanent injuries to hands and other body parts that become pinched in the exposed moving parts of the system.

23. The defective and unreasonably dangerous condition of the **subject conveyor belt system**, including, but not limited to, the design and manufacture of the system without adequate guarding devices to prevent contact with in-running pinch points and without accessible and easily identifiable emergency stop devices in the immediate vicinity of work stations to stop the conveyor system to prevent or mitigate injury in emergent situations, was a substantial factor in causing the

Plaintiff, Audrey Hollowell, to suffer severe and permanent injuries to her right hand, including, but not limited to, a degloving of her hand and a dislocation of her right fourth finger, which she would not have suffered but for the defective and unreasonably dangerous condition of the **subject conveyor belt system** designed, installed, and continuously maintained by Defendant Dematic.

24. The failure to provide adequate or appropriate warnings of, and/or instructions to avoid, the risk of serious and permanent injury when working around conveyor belt systems lacking adequate guarding devices at in-running nip points and proper emergency stop devices, including, but not limited to, the risk of suffering a degloving of hands and other severe and permanent bodily injury, in foreseeable incidents when users hands or other body parts become pinched between exposed moving and/or stationary parts of conveyor belt systems and the system lacks easily accessible and identifiable emergency stop devices to stop the conveyor belt and its related parts and equipment to prevent or mitigate injury, was a substantial factor in causing Plaintiff to suffer severe and permanent injuries to her right hand, including, but not limited to, a degloving of her right hand and a dislocation of her right fourth finger.

25. The **subject conveyor belt system** was expected to be and was in fact without substantial change in condition at the time of the May 13, 2020 incident which caused Plaintiff to suffer severe and permanent injuries to her right hand, including, but not limited to, a degloving of her hand and a dislocation of her right fourth finger.

26. As a direct and proximate result of the defective and unreasonably dangerous condition of the **subject conveyor belt system**, the Plaintiff, Audrey Hollowell, has incurred and will continue to incur medical, hospital, and other care-related expenses, has lost wages, both past and future , and/or has suffered a permanent impairment and/or destruction of her power to labor and earn money in the future, and has suffered severe, physical and mental, pain and suffering and

loss of enjoyment of life, all to her damage in excess of any jurisdictional limitations upon this Court.

## COUNT II – NEGLIGENCE OF DEFENDANT DEMATIC IN THE DESIGN, MANUFACTURE, AND SALE OF THE SUBJECT CONVEYOR BELT SYSTEM

27. Plaintiff adopts, reiterates, and incorporates by reference all paragraphs of this Complaint as if expressly set forth fully herein.

28. The Defendant, DEMATIC, had a duty to exercise ordinary care in the design, engineering, development, manufacture, installation, implementation, testing, inspection, assembly, labeling, packaging, production, distribution, promotion, advertising, marketing, and sale of the **subject conveyor belt system**.

29. The Defendant, DEMATIC, breached its duty of ordinary care by designing, engineering, developing, manufacturing, installing, implementing, testing, inspecting, assembling, labeling, packaging, producing, distributing, promoting, advertising, marketing and selling the **subject conveyor belt system** when the Defendant, DEMATIC, knew or should have known that the **subject conveyor belt system** was in a defective condition and unreasonably safe for users from foreseeable incidents of hands or other body parts sustaining severe and permanent injury, including degloving and finger dislocation injuries, when pinched between exposed and unguarded moving and/or stationary parts of conveyor belt systems and when the system lacks easily accessible and identifiable emergency stop devices to shut down the conveyor belt and its related parts and equipment to prevent or mitigate such injuries.

30. The Defendant, DEMATIC, knew or should have known in the exercise of ordinary care that the **subject conveyor belt system** was defective and unreasonably dangerous as it failed to reasonably protect employees of Walmart's Distribution Center in Hopkinsville, Kentucky, including the Plaintiff, from reasonably foreseeable injuries to hands or other body parts when

exposed to moving parts of the conveyor belt system, including, but not limited to, the failure to install adequate guarding devices to prevent bodily contact with in-running nip points at the interface of the rotating conveyor rollers and tail pulleys of the moving horizontal and inclined conveyor belts and/or stationary parts of the **subject conveyor belt system** and the failure to ensure the presence of accessible and easily identifiable emergency stop devices in the immediate vicinity of work stations to shut down the conveyor system, including the belt conveyors and all related parts and equipment, to prevent or mitigate injury in such emergent situations and because safer, feasible alternative designs which would have prevented injuries to hands or other body parts when pinched between exposed moving and stationary parts of the **subject conveyor belt system** were not used by Defendant DEMATIC.

31. The failure to exercise ordinary care in the design, engineering, development, manufacture, installation, implementation, testing, inspection, assembly, labeling, packaging, production, distribution, promotion, advertising, marketing, and sale of the **subject conveyor belt system** was a substantial factor in causing the Plaintiff, Audrey Hollowell, to suffer severe injuries, including, but not limited to, permanent injuries to her right hand, including a degloving of her hand and a dislocation of her right fourth finger, which she would not have suffered but for the defective and unreasonably dangerous condition of the **subject conveyor belt system**.

32. The Defendant, DEMATIC, had a duty to exercise ordinary care to provide adequate and appropriate warnings of, and/or instructions to avoid, the dangers from foreseeable incidents when hands or other body parts can be pinched between exposed and unguarded moving and stationary parts of conveyor belt systems and when the system lacks easily accessible and identifiable emergency stop devices to shut down the conveyor belt and its related parts and equipment in such emergent situations to prevent or mitigate injury.

33. The Defendant, DEMATIC, breached its duty to give an adequate and appropriate warning and/or instructions to users of the **subject conveyor belt system**, including Plaintiff, when it knew or should have known that users, including Plaintiff, were unaware of the defective and unreasonably dangerous condition of the conveyor belt system, and such breach was a substantial factor in causing the Plaintiff, Audrey Hollowell, to suffer severe and permanent injuries to her right hand, including a degloving of her hand and a dislocation of her right fourth finger, which she would not have suffered but for the defective and unreasonably dangerous condition of the **subject conveyor belt system**.

34. The Defendant, DEMATIC, has a continuing, post-sale duty to use ordinary care to provide adequate and appropriate warnings of, and/or instructions to avoid, the dangers from foreseeable incidents of severe and permanent injury to hands or other body parts, including degloving and finger dislocation injuries, when pinched between exposed and unguarded moving and stationary parts of conveyor belt systems and when the system lacks easily accessible and identifiable emergency stop devices to shut down the conveyor belt and its related parts and equipment to prevent or mitigate such injuries due to the defective and unreasonably dangerous condition of the **subject conveyor belt system**.

35. The Defendant, DEMATIC, breached its continuing, post-sale duty to give an adequate and appropriate warning and/or instructions to users of the **subject conveyor belt system**, including Plaintiff, and when it knew or should have known that users, including Plaintiff, were unaware of the defective and unreasonably dangerous condition of the **subject conveyor belt system**, and such breach was a substantial factor in causing the Plaintiff, Audrey Hollowell, to suffer severe and permanent injuries to her right hand, including a degloving of her hand and a

dislocation of her right fourth finger, which she would not have suffered but for the defective and unreasonably dangerous condition of the **subject conveyor belt system**.

36. As a direct and proximate result of the negligence of Defendant, DEMATIC, the Plaintiff, Audrey Hollowell, has incurred and will continue to incur medical, hospital, and other care-related expenses, has lost wages, both past and future, and/or has suffered a permanent impairment and/or destruction of her power to labor and earn money in the future, and has suffered severe, physical and mental, pain and suffering and loss of enjoyment of life, all to her damage in excess of any jurisdictional limitations upon this Court.

### COUNT III – NEGLIGENCE OF THE DEFENDANT DEMATIC IN ITS INSPECTION, INSTALLATION, MAINTENANCE, SERVICE, AND SUPPORT OF THE SUBJECT CONVEYOR BELT SYSTEM

37. Plaintiff adopts, reiterates, and incorporates by reference all paragraphs of this Complaint as if expressly set forth fully herein.

38. The Defendant, DEMATIC, had a duty to exercise ordinary care in its inspection, installation, maintenance, service, and support of the **subject conveyor belt system**.

39. The Defendant, DEMATIC, breached its duty of ordinary care when it failed, even after repeated and continuous inspection, installation, maintenance, service, and support of the **subject conveyor belt system**, to install adequate guarding devices to prevent bodily contact with in-running nip points at the interface of the rotating conveyor rollers and tail pulleys of the moving horizontal and inclined conveyor belts and/or stationary parts of the **subject conveyor belt system**; failed to install accessible and easily identifiable emergency stop devices in the immediate vicinity of work stations to shut down the conveyor system, including the belt conveyors and all related parts and equipment, to prevent or mitigate injury in emergency situations; and failed to install safer, feasible alternative designs which would have prevented injuries to hands or other body parts

when pinched between moving and stationary parts of the conveyor belt system, and such negligence was a substantial factor in causing the Plaintiff, Audrey Hollowell, to suffer severe and permanent injuries to her right hand, including a degloving of her hand and a dislocation of her right fourth finger, which she would not have suffered but for the negligence of the Defendant DEMATIC in its inspection, maintenance, service, and support of the **subject conveyor belt system**.

40. As a direct and proximate result of the negligence of Defendant, DEMATIC, the Plaintiff, Audrey Hollowell, has incurred and will continue to incur medical, hospital, and other care-related expenses, has lost wages, both past and future, and/or has suffered a permanent impairment and/or destruction of her power to labor and earn money in the future, and has suffered severe, physical and mental, pain and suffering and loss of enjoyment of life, all to her damage in excess of any jurisdictional limitations upon this Court.

**COUNT IV – PUNITIVE DAMAGES CLAIM FOR GROSS NEGLIGENCE AND/OR WANTON AND INDIFFERENT CONDUCT AGAINST DEFENDANT DEMATIC**

41. Plaintiff adopts, reiterates, and incorporates by reference all paragraphs of this Complaint as if expressly set forth fully herein.

42. At all times pertinent hereto, the Defendant, DEMATIC's conduct, acts, and/or omissions were wanton and/or in reckless disregard and heedless indifference to the lives, safety, and property of others, including the Plaintiff, thereby justifying an award of punitive damages against DEMATIC.

43. At all times pertinent hereto, the Defendant, DEMATIC, authorized, ratified, and/or should have anticipated the conduct, acts, and/or omissions of its employees in the design, engineering, development, manufacture, installation, implementation, testing, inspection, assembly, labeling, packaging, production, distribution, promotion, advertising, marketing, sale,

inspection, installation, maintenance, service, and support of the **subject conveyor belt system** in a defective and unreasonably dangerous condition.

44. At all times pertinent hereto, the Defendant, DEMATIC, knew there was a high likelihood that serious harm would result from its misconduct, profited from its misconduct, concealed its misconduct from the public, and failed to take action to remedy its misconduct related to the design, engineering, development, manufacture, installation, implementation, testing, inspection, assembly, labeling, packaging, production, distribution, promotion, advertising, marketing, sale, inspection, installation, maintenance, service, and support of the **subject conveyor belt system** in a defective and unreasonably dangerous condition.

**WHEREFORE**, Plaintiff respectfully demands the following relief:

1. Judgment against the Defendant, DEMATIC CORP., in a sum which will fairly and adequately compensate the Plaintiff, Audrey Hollowell, for the injuries and damages she sustained as a direct and proximate result of its tortious conduct.

2. Judgment against Defendant, DEMATIC CORP., for punitive damages.

3. For Plaintiff's costs herein expended;

4. Trial by jury on all issues so triable; and

5. Any and all other relief to which the Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/ Jeff W. Adamson*
Paul A. Casi, II (#85389)
Jeff W. Adamson (#91548)
Michael R. Hasken (#94992)
PAUL A. CASI, II, P.S.C.
801 East Main Street
Louisville, Kentucky 40206
(502) 584-0404
(502) 561-2321 Facsimile
pac@casi-law.com
jadamson@casi-law.com
michael@casi-law.com
**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF NOTICE PURSUANT TO KRS 411.188

It is hereby certified that, pursuant to KRS 411.188, the following were notified of the filing of this lawsuit and were provided a copy of the Complaint via certified mail, return receipt requested:

Walmart Claims Services, Inc.
P.O. Box 14731
Lexington, KY 40512-4731

Corvel Corporation
Kentucky Workers' Compensation Managed Health Care Plan
12910 Shelbyville Road, Suite 236
Louisville, KY 40243

BlueAdvantage Administrators of Arkansas
P.O. Box 1460
Little Rock, AR 72203-1460

Notice is hereby given to the above that failure to assert subrogation rights, if any, by intervention under CR 24 will result in the loss of such rights with respect to any final award received by the Plaintiff as a result of this Action.

/s/ *Jeff W. Adamson*
_____
Jeff W. Adamson