UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-cv-00156-TBR

AUDREY HOLLOWELL                                                    PLAINTIFF

v.

DEMATIC CORP.                                                      DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1446 and § 1147. [DN 5]. Defendant responded. [DN 6]. Plaintiff replied. [DN 7]. As such, this matter is ripe for adjudication. For reasons stated herein, Plaintiff's Motion to Remand is **DENIED**.

## I.      Background

Plaintiff Audrey Hollowell initially filed this action on May 9, 2021, in Christian Circuit Court, Christian County, Kentucky seeking judgment against Dematic Corp. for injuries sustained when her hand became "pinched in the unguarded nip point of the underside of" one of Dematic's conveyor systems. [DN 1-1]. She asserts claims of strict liability, negligence—both in the design, manufacture, and sale of the conveyor belt system as well as in the inspection, installation, maintenance, service, and support of the system—and punitive damages for gross negligence and/or wanton and indifferent conduct. *Id.* Dematic filed its Answer to the Complaint on June 18, 2021, in Christian Circuit Court. [DN 1-2]. On September 16, 2021, Dematic served its First Set of Requests for Admissions, Interrogatories, and Requests for Production to Hollowell, in relevant part, seeking written confirmation regarding the amount in controversy. [DN 1-3]. After Hollowell established her intent to seek greater than $75,000 in damages in her response to Dematic Corp.'s

1

request for admissions on September 29, 2021, Dematic removed the case to this Court on October 21, 2021. *Id.*; [DN 1]. On November 19, 2021, Plaintiff filed the present Motion to Remand the case back to state court claiming that Dematic's removal was untimely. [DN 5].

## II.     Legal Standard

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The present case concerns diversity jurisdiction. [*see* DN 1]. The Court exercises such jurisdiction in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "citizens of different States." 28 U.S.C. § 1332(a)(1). As the party seeking removal, the defendant bears the burden of showing that the Court has such original jurisdiction. *See Vill. of Oakwood v. State Bank & Tr. Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996)). To make those determinations, the Court generally looks at the complaint at the time of removal. *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005) (citing *Ahearn*, 100 F.3d at 453).

In the usual case, the removing party must file a notice of removal within thirty days of receiving the complaint. *See* 28 U.S.C. § 1446(b)(1). If the complaint does not reveal a basis for removal, however, the removing party may file a notice of removal within thirty days of receiving "a copy of an amended pleading, motion, order or other paper" which reveals that the action "is or has become removable." 28 U.S.C. § 1446(b)(3). Yet, the extension period is not without its own limitations: No action may be removed based on diversity jurisdiction more than one year after its commencement unless the opposing party has "acted in bad faith" to frustrate removal. 28 U.S.C. § 1446(c)(1). Following the filing of a notice of removal, a plaintiff may move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days. 28

2

U.S.C. § 1447(c). Finally, "[t]he removal petition is to be strictly construed, with all doubts resolved against removal." *Her Majesty the Queen in Right of Province of Ontario v. Detroit,* 874 F.2d 332, 339 (6th Cir.1989) (citations omitted).

### III.   Discussion

The parties do not dispute that the diversity jurisdiction requirements of 28 U.S.C. § 1332(a)(1) are satisfied in this case. Rather, the primary issue before the Court is when removability was first ascertainable. Ordinarily, the sum demanded "in good faith" in an initial pleading is considered accurate for purposes of determining the amount in controversy. 28 U.S.C. § 1446(c)(2). Plaintiff's complaint, however, does not demand a specific amount of damages. [*See* DN 1-1]. Instead, Plaintiff states that she:

> has incurred and will continue to incur medical, hospital, and other care-related expenses, has lost wages, both past and future, and/or has suffered a permanent impairment and/or destruction of her power to labor and earn money in the future, and has suffered severe, physical and mental, pain and suffering and loss of enjoyment of life, all to her damage in excess of any jurisdictional limitations upon this [state] Court.

*Id.* Such a pleading practice is not unusual. Many states, including Kentucky, prohibit plaintiffs from demanding sum-certain damages in pleadings. *See* Ky. R. Civ. P. 8.01(2). When that is the case, the removing party must come forward with proof to establish, by a preponderance of the evidence, that the amount-in-controversy requirement is met. *See* 28 U.S.C. § 1446(c)(2)(B); *Est. of Klope v. Consol. Res. Health Care Fund I, L.P.*, No. 5:17-CV-00065-TBR, 2017 WL 5986973, at *2 (W.D. Ky. Dec. 1, 2017).

In the present case, Hollowell argues that remand is proper because a "fair reading of the Complaint [combined with Dematic's 'institutional knowledge'] would have indicated that more than $75,000 was in controversy." [DN 5-1 at 5, 11]. She further contends that since the notice of removal was filed months after the thirty-day requirement had expired, it was untimely. *Id.* at 4;

*see also* 28 U.S.C. § 1446(b). Dematic instead stresses that the amount in controversy was ambiguous from the Complaint and what they "could or should have known [based on 'purported industry experience with this type of injury'] is irrelevant." [DN 6]. Dematic argues that until they received "solid and unambiguous evidence" from Hollowell's written confirmation, removal was not proper. *Id.* As such, the Court must determine if the Complaint and Defendant's actual knowledge—before Dematic received the written confirmation—were enough to satisfy the more likely than not (by a preponderance of evidence) standard.

This Court, and other courts in the Sixth Circuit, have provided some guidance in this determination. *See Lobley v. Guebert*, No. 5:16-CV-00202-TBR, 2017 WL 1091796, at *3 (W.D. Ky. Mar. 22, 2017) (holding that the "clock for removal" does not start ticking until "concrete evidence" of the damages is produced); *Nagarajan v. Ostruskza*, No. 5:12-CV-00091-TBR, 2012 WL 5077691, at *2–3 (W.D. Ky. Oct. 18, 2012) (citing *Broderick v. Dellasandro,* 859 F.Supp. 176, 178 (E.D.Pa.1994) (citations omitted)) (requiring *actual notice* that the amount in controversy requirement was met); *Forest Creek Townhomes, LLC v. Carroll Prop. Mgmt., LLC*, 695 F. App'x 908, 912 (6th Cir. 2017) (quoting *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015) (demanding "solid and unambiguous information that the case is removable"); *Warren v. Sheba Logistics, LLC*, No. 115CV00148GNSHBB, 2016 WL 1057322, at *2 (W.D. Ky. Mar. 14, 2016) (holding that the preponderance of the evidence standard "requires *evidence*"); *Clark v. Kroger Ltd. P'ship I*, No. 515CV00189GNSHBB, 2015 WL 7871053, at *2 (W.D. Ky. Dec. 3, 2015) (emphasizing that "speculation alone is insufficient to meet the amount in controversy requirement"); *Minix v. Kawasaki Motors Corp., U.S.A.*, No. CIV.A. 09-90-ART, 2009 WL 2212282, at *2 (E.D. Ky. July 23, 2009) (stating that "competent proof [is] necessary to prove the amount-in-controversy requirement").

In this case, beyond the fairly standard damages for personal injury claims quoted above, the Complaint states that Hollowell "sustained severe and permanent injuries to her right hand, including, but not limited to, a degloving of her hand and a dislocation of her right fourth finger." [DN 1-1]. The Complaint, however, does not provide specific information on the severity of the degloving or the extent of treatment received or needed. *Id.* Bare allegations requiring speculation regarding actual damages without a specific monetary amount claimed is "insufficient to establish the amount in controversy requirement." *Warren*, No. 115CV00148GNSHBB, 2016 WL 1057322, at *2 (citing *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 961–63 (E.D. Ky. 2009)).

Hollowell claims that because she provided Dematic with "both the mechanism and manner/nature of her injury" and because Dematic is a "sophisticated, multinational corporation" that has "particularized and actual knowledge of the commonplace hazards its conveyor products entail" her use of industry terms such as degloving, pinched, and nip point, should be enough to put Dematic on notice that the amount in controversy exceeded $75,000. [*See* DN 5]. Even if, as Hollowell contends, Defendant is aware of this type of accident and injury, Defendant's constructive knowledge would still require speculation that Plaintiff's specific damages exceeded the jurisdictional minimum. *See Warren*, No. 115CV00148GNSHBB, 2016 WL 1057322, at *2. The Court does not need to "look to information a defendant *could have* obtained regarding a plaintiff's claimed damages. Instead, the Court considers the thirty-day period to begin only when a defendant actually obtains facts which make eligibility for removal readily ascertainable by a preponderance of the evidence." *Warren*, No. 115CV00148GNSHBB, 2016 WL 1057322, at *1 (citing *Clark*, No. 5:15-CV-00189-GNS-HBB, 2015 WL 7871053, at *2). In her Reply, Hollowell argues that Dematic could have removed the case earlier simply based on its "deep and institutional knowledge of its product, the injuries which its product tends to cause, and what it has paid in

5

substantially similar instances." [DN 7]. This argument, however, is unpersuasive as evidence of the average verdict for similar cases "has no bearing on whether the amount in controversy in [a] particular case exceeds the jurisdictional amount." *Minix*, No. CIV.A. 09-90-ART, 2009 WL 2212282, at *2.

Prior to obtaining written confirmation that the amount of controversy was satisfied, Dematic had no concrete evidence that it was removable. As previously noted, though "preponderance of the evidence is not a daunting burden, the standard still requires *evidence*." *Warren*, No. 115CV00148GNSHBB, 2016 WL 1057322, at *2. If Dematic had attempted to remove the case within the initial thirty days, Defendant ran the risk that this Court may remand the case back to state court to obtain the required evidence. *See, e.g., Hoffmann v. Empire Mach. & Tools Ltd.*, No. 4:10-CV-00832-NKL, 2010 WL 11619084 (W.D. Mo. Dec. 7, 2010) (a "severe traumatic [hand] degloving" that required three surgeries did not meet the preponderance of the evidence standard and was remanded until additional discovery was completed); *see also Lobley*, No. 5:16-CV-00202-TBR, 2017 WL 1091796, at *2–3 (remanding a case for lack of evidence but stating that the 30-day window for removal would not start until such evidence was produced). When the Complaint does not clearly state the amount in controversy, pre-removal discovery at the state-court level is preferred. *See Minix*, No. CIV.A. 09-90-ART, 2009 WL 2212282, at *3 ("when the complaint is silent as to the amount in controversy, the defendant should engage in discovery on that issue before removing the case."); *Goins v. Adecco, USA, Inc.*, No. 6:19-CV-00133-GFVT, 2019 WL 5424417, at *2 (E.D. Ky. Oct. 23, 2019) (collecting cases) ("In diversity cases, the best practice is for defendants to take advantage of state discovery procedures, and to remove to federal court only when it becomes apparent that the requirements of 28 U.S.C. § 1332

have been met."). The reasoning for this holding is well stated in a prior decision in the Eastern

District of Kentucky:

> To require a defendant to remove first and ask questions later would place it in the unenviable position of having to speculate about the amount in controversy, which would then force the defendant to face the prospect of paying attorney's fees to the plaintiff if it wrongly guesses that the jurisdictional amount is satisfied. *See Wood*, 937 F. Supp. at 617 (quoting *Rollwitz v. Burlington N. R.R.*, 507 F. Supp. 582, 588 n. 7 (D.Mont.1981)). Moreover, allowing defendants to remove on the basis of speculation as to the amount in controversy would be incredibly inefficient because it would ultimately result in more remands occurring at later stages in litigation, thereby wasting significant resources. As there is a perfectly easy and foolproof method of obtaining the amount in controversy prior to removal—i.e., pre-removal discovery—there is no reason why such undesirable outcomes should be risked.

*Minix*, No. CIV.A. 09-90-ART, 2009 WL 2212282, at *3.

Hollowell analogizes this matter to two past decisions: *McCraw v. Lyons,* 863 F. Supp. 430

(W.D. Ky. 1994) and *Hall v. M&T Trucking Expediting LLC*, No. 3:20-CV-00072, 2021 WL

816908 (E.D. Ky. Mar. 3, 2021). The courts in these cases held that the type and number of claims,

*McCraw* with four intentional torts and punitive damages and *Hall* with six counts all arising from

the death of a spouse, were sufficient, without additional discovery, to put the Defendant on notice

that the Plaintiff was more likely than not seeking in excess of $75,000. *McCraw,* 863 F. Supp. at

431–32; *Hall*, No. 3:20-CV-00072, 2021 WL 816908, at *4. The courts in this district, however,

have on multiple occasions limited the application of *McCraw* depending on the type of injury

alleged. *See, e.g., Warren,* No. 115CV00148GNSHBB, 2016 WL 1057322, at *2–3 (citations

omitted) (denying the application of *McCraw* to car accident cases). Hollowell asserts that "hand

degloving is an injury severe enough that any Defendant with actual, *a priori*, knowledge perforce

knows the resultant damages are far in excess of jurisdictional thresholds (such as has previously

been held to be the case with both intentional torts and wrongful death)." [DN 7]. The Court,

however, is not inclined to assume, without the presentation of any evidence, that all degloving

injuries will more likely than not result in damages over the jurisdictional threshold. Without evidence, "[i]t is improper to place the burden on a defendant to guess at the extent of the compensation claimed by a plaintiff in the hope that later discovery may prove the defendant right, and to penalize that defendant when it guesses wrong. *Warren,* No. 115CV00148GNSHBB, 2016 WL 1057322, at *2.

Plaintiff argues that looking at the totality of the situation, Defendant's suspected experience with this kind of injury, the ability to look at other similar lawsuits, and the use of specific industry related terms in the Complaint should be enough to satisfy the preponderance of evidence standard. The law, however, requires concrete, actual, and unambiguous evidence to satisfy this standard, which Dematic did not have until after the request for admissions were answered. As such, Dematic did not know, for the purpose of removal, the extent of Plaintiffs' claimed damages until the receipt of Plaintiff's discovery responses on September 29, 2021, putting the removal of this case within the statutory time requirement.

## IV.    Conclusion

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED**. [DN 5].

**IT IS SO ORDERED**.

cc: counsel

8